**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMIE SIMON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1432** |
| **GRAND ISLE SHIPYARD, INC., ET AL.** | **SECTION: "G"** |

**ORDER AND REASONS**

Plaintiff Jamie Simon ("Plaintiff") brings this suit against Defendants Grand Isle Shipyard Inc. ("Grand Isle"), British Petroleum America, Inc. ("BP America."), British Petroleum Exploration & Production, Inc. ("BP Exploration"), British Petroleum P.L.C. ("BP PLC"), and British Petroleum American Production Company ("BP American") (collectively, "Defendants") following the Deepwater Horizon oil spill on April 20, 2010.[1] Pending before the Court is BP America and BP Exploration's ("collectively, the "BP Defendants") "Motion to Strike Grand Isle Shipyard Inc.'s Purported Rule 14(c) Tender."[2] Grand Isle opposes the motion.[3] Having considered the motion, the memoranda in support and in opposition, the reply, the record, and the applicable law, the Court grants the motion.

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 27.

[3] Rec. Doc. 32.

## I. Background

On June 17, 2011, Plaintiff filed a complaint in this Court, which was transferred to the Multi District Litigation 2179 (the "MDL").[4] On April 9, 2021, the case was severed from the MDL and reallotted to this Court.[5] On May 19, 2021, Plaintiff filed an amended complaint.[6]

Plaintiff alleges that she worked for Grand Isle as a seaman aboard the ELLIE MAE, a vessel which served as a floating hotel and living quarters for platform workers involved in clean-up resulting from the Deepwater Horizon oil spill.[7] Plaintiff claims that she was exposed to oil, chemicals, and toxic materials that caused her "significant and permanent physical and mental injuries."[8] In the Amended Complaint, Plaintiff brings claims for "violations of the General Maritime Law, the Jones Act, the Oil Pollution Act, the Clean Water Act, applicable state law, and, in the alternative 33 U.S.C. 901, *et seq.*, specifically Sections 905(b) and 933, respectively."[9] Plaintiff requests a trial by jury.[10]

On June 2, 2021, the BP Defendants answered the Amended Complaint.[11] On June 24, 2021, Grand Isle filed an answer to the Amended Complaint.[12] Grand Isle also tendered each of

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 8.

[6] Rec. Doc. 19.

[7] *Id.* at 2–3.

[8] *Id.* at 4.

[9] *Id.* at 8.

[10] *Id.* at 11.

[11] Rec. Doc. 20.

[12] Rec. Doc. 23.

the BP Defendants to Plaintiff pursuant to Federal Rule of Civil Procedure 14(c).[13] On July 15, 2021, the BP Defendants filed the instant motion to strike Grand Isle's tender.[14] On August 3, 2021, Grand Isle filed an opposition.[15] On August 27, 2021, with leave of Court, the BP Defendants filed a reply in further support of the motion to strike.[16]

## II. Parties' Arguments

### *A. The BP Defendants' Arguments in Support of the Motion*

The BP Defendants move the Court to strike Grand Isle's Rule 14(c) tender.[17] The BP Defendants assert two main arguments in support of the instant motion.[18] First, the BP Defendants argue that Grand Isle cannot tender them as third-party defendants under Rule 14(c) because they are already defendants in this case.[19] The BP Defendants claim that Rule 14(c) does not apply to "defendants who have been named and appeared in a lawsuit."[20]

Second, the BP Defendants contend that Plaintiff has not asserted an admiralty or maritime claim under Rule 9(h), which is required for a Rule 14(c) tender.[21] The BP Defendants argue that

[13] *Id.* at 10-11.

[14] Rec. Doc. 27.

[15] Rec. Doc. 32.

[16] Rec. Doc. 38.

[17] Rec. Doc. 27-1.

[18] *Id.*

[19] *Id.* at 3.

[20] *Id.*

[21] *Id.*

the Amended Complaint does not include a Rule 9(h) designation and argue that Plaintiff "elected to proceed at law," not at admiralty, when Plaintiff requested a trial by jury.[22]

***B. Grand Isle's Arguments in Opposition to the Motion***

In opposition, Grand Isle argues that the Rule 14(c) tender is appropriate because it can "remove [Grand Isle] from the jury's liability decision."[23] According to Grand Isle, the tender "not only allows the jury verdict form to ask the jury to consider BP's liability as a direct defendant, but also allows the jury verdict form to ask the jury to consider BP's liability as the party legally liable for any damages plaintiff may prove arise from her employment with [Grand Isle]."[24] While Rule 14(c) references third party claims, Grand Isle contends that there is nothing in the language of Rule 14(c) that "limits its application to parties who have not already been made defendants."[25]

Grand Isle further argues that a Rule 14(c) tender is appropriate here because Plaintiff invokes the Court's admiralty jurisdiction.[26] Grand Isle notes that Plaintiff's claims under the Longshore and Harbor Workers' Compensation Act and general maritime law are purely maritime claims.[27] Grand Isle further notes that Plaintiff specifically invokes the Court's admiralty jurisdiction by citing 28 U.S.C. § 1333.[28] Grand Isle argues that the Amended Complaint clearly provides that this Court has jurisdiction "under 28 U.S.C. § 1333 as this is an admiralty/maritime

---

[22] *Id.* at 4.

[23] Rec. Doc. 32 at 3.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 4–5.

[27] *Id.* at 5.

[28] *Id.*

claim."[29] Grand Isle contends that this statement is sufficient to invoke Rule 9(h).[30] Grand Isle further argues that admiralty jurisdiction is the only basis for the Court to exercise subject matter jurisdiction over this matter.[31]

### *C. The BP Defendants' Arguments in Further Support of the Motion*

In reply, the BP Defendants reassert that they are already parties to the instant matter and cannot be impleaded as third-party defendants.[32] The BP Defendants argue that Rule 14(c) only allows a defendant to tender a third-party defendant, not an existing defendant in a case.[33] The BP Defendants refer to Black's Law Dictionary, which defines a third party as one that is not a party to a lawsuit, to support their argument that Grand Isle's tender is inappropriate in this instance and must be stricken.[34]

## III. Legal Standard

Grand Isle has tendered each of the BP Defendants to Plaintiff pursuant to Federal Rule of Civil Procedure 14(c).[35] Rule 14 is titled "Third-Party Practice."[36] Rule 14(a)(4) provides that "[a]ny party may move to strike a third-party claim, to sever it, or to try it separately."[37] A court

---

[29] *Id.* at 7.

[30] *Id.*

[31] *Id.* at 10–11.

[32] Rec. Doc. 38 at 1.

[33] *Id.* at 2.

[34] *Id.*

[35] Rec. Doc. 23.

[36] Fed. R. Civ. P. 14.

[37] *Id.*

may strike a third-party claim "if it is obviously unmeritorious."[38] "A third-party demand is obviously unmeritorious if a party can show that the claims alleged are totally waived, settled, or otherwise not legally enforceable."[39]

## IV. Analysis

In the instant motion, the BP Defendants argue that Grand Isle's tender of the BP Defendants to Plaintiff pursuant to Rule 14(c) is improper because: (1) the BP Defendants are already direct defendants in this matter; and (2) Plaintiff's claims do not arise under the Court's admiralty jurisdiction. Grand Isle disputes both arguments.

Rule 14(c) provides:

> (1) Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant . . . may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff—for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
>
> (2) Defending Against a Demand for Judgment for the Plaintiff. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.[40]

"Rule 14(c) was designed to expedite and consolidate admiralty actions by permitting a third-party plaintiff to demand judgment against a third-party defendant in favor of the plaintiff."[41] "As a

---

[38] *Matter of Daigle Towing Serv., LLC*, No. 19-13521, 2020 WL 6544177, at *1 (E.D. La. Nov. 6, 2020) (Lemmon, J.) (quoting *Matter of Rene Marine Offshore, Inc.*, No. 05-1559, 2006 WL 8446234, at *1 (S.D. Tex. May 18, 2006)).

[39] *Id.* (citing *Ensco Marine Co. v. Bird-Johnson Co.*, No. 03-489 2004 WL 2452767, at *2 (E.D. La. Nov. 1, 2004)).

[40] Fed. R. Civ. P. 14(c).

[41] *Texaco Exploration and Prod. Co. v. Amclyde Engineered Prods. Co., Inc.*, 243 F.3d 906, 910 (5th Cir.

consequence, the plaintiff is then required to assert his claims directly against the third-party defendant."[42] "This unique liberal joinder policy served to reduce the possibility of inconsistent results in separate actions, eliminate redundant litigation, and prevent a third party's disappearing if jurisdiction and control over the party and his assets were not immediately established."[43]

"Rule 14(c) permits a defendant to implead a third-party defendant for two purposes: (1) to seek contribution or indemnification from the third-party defendant, and (2) to tender the third-party defendant to the plaintiff."[44] Here, Grand Isle tenders the BP Defendants to Plaintiff so that the BP Defendants can be "adjudged directly liable to plaintiff" for any injuries, damages, and costs asserted in Plaintiff's claims.[45] Grand Isle asserts that it tenders the BP Defendants to Plaintiff as "a direct defendant to plaintiff's claims against [Grand Isle]."[46]

BP Defendants cannot be tendered under Rule 14(c). The Rule provides a procedure to allow a third-party plaintiff to demand judgment against a *third-party defendant* in favor of the plaintiff.[47] Black's Law Dictionary defines a third-party as "[s]omeone who is not a party to a lawsuit, agreement, or other transaction but who is somehow implicated in it; someone other than

2001).

[42] *Id.*

[43] *Id.*

[44] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 242 (5th Cir. 2009).

[45] Rec. Doc. 23 at 11.

[46] Rec. Doc. 32 at 2.

[47] *Texaco Exploration*, 243 F.3d at 910.

the principal parties."[48] Additionally, Black's Law Dictionary defines a third-party defendant as "[a] party brought into a lawsuit by the original defendant."[49]

The BP Defendants clearly are not third parties as contemplated by Rule 14(c). Plaintiff brought a direct action against the BP Defendants and Grand Isle.[50] Grand Isle's third-party complaint then asserted a claim against the same parties that were already involved in the suit—the BP Defendants.[51] This is plainly in tension with the definition of "third-party defendant" and the text of Rule 14(c). The Rule states that "the defendant . . . may, as a third-party plaintiff, *bring in* a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff."[52] Clearly, the BP Defendants were not brought into the lawsuit by Grand Isle because they were already parties to the lawsuit.

Furthermore, the Rule provides that when a third-party plaintiff tenders a third-party defendant to the original plaintiff, "the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff."[53] Here, however, Plaintiff *did* sue both the third-party defendant and the third-party plaintiff. Therefore, characterizing the BP Defendants as "third-party defendants" is inconsistent with Rule 14(c).

In *Ambraco, Inc. v. Bossclip B.V.*, a defendant (Pacorini Holding, LLC) brought a third-party claim against several parties (the Vessel Interests) who were originally named as defendants

---

[48] Black's Law Dictionary (11th ed. 2019).

[49] *Id.*

[50] Rec. Doc. 1.

[51] Rec. Doc. 23 at 10.

[52] Fed. R. Civ. P. 14(c)(1) (emphasis added).

[53] Fed. R. Civ. P. 14(c)(2).

in the case but were later dismissed due to the application of an enforceable forum-selection clause between the original plaintiff and the Vessel Interests.[54] "The district court held that Rule 14(c) was not available to bring claims against third-party defendants who had already been a party to the suit as original defendants, and it suggested that the proper mechanism for bringing these types of claims was through [a cross-claim under] Rule 13(g)."[55] The Fifth Circuit held that the district court erred in holding that Parcorini's claims could have been brought under Rule 13(g) because the rule "requires the cross-claimant to be a party to the lawsuit at the time the cross-claim is asserted."[56] The Fifth Circuit noted that "by the time Pacorini asserted its claims against the Vessel Interests, the Vessel Interests had already been dismissed from the suit and were no longer a party to the underlying suit."[57] Therefore, the Fifth Circuit held that Pacorini properly brought its claims against the Vessel Interests under Rule 14(c).[58]

Unlike *Ambraco*, here, the BP Defendants are still parties to the suit. The BP Defendants were made party to this action by Plaintiff herself and remain defendants in this action currently. Therefore, the BP Defendants cannot be tendered to Plaintiff by Grand Isle pursuant to Rule 14(c), and the Rule 14(c) tender must be stricken. Instead, the proper mechanism for bringing these claims appears to be Rule 13(g), which provides:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that

---

[54] *Ambraco*, 570 F.3d at 237.

[55] *Id.* at 242.

[56] *Id.*

[57] *Id.*

[58] *Id.*

> the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.[59]

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave to amend a pleading "when justice so requires."[60] Accordingly, the Court will grant Grand Isle leave to file an amended answer.

## V. Conclusion

Based on the foregoing, Grand Isle's Rule 14(c) tender must be stricken from Grand Isle's Answer because the BP Defendants are not third-party defendants under Rule 14(c). However, the Court grants Grand Isle leave to file an amended answer. Because the Court finds that the tender was improper under Rule 14(c) and should be stricken, the Court need not address whether Plaintiff properly invoked Rule 9(h) in the Amended Complaint. Accordingly,

**IT IS HEREBY ORDERED** that BP Inc. and BP Exploration's "Motion to Strike Grand Isle Shipyard Inc.'s Purported Rule 14(c) Tender"[61] is **GRANTED**. The Rule 14(c) tender is hereby stricken. Grand Isle is granted leave to file an amended answer on or before October 29, 2021.

**NEW ORLEANS, LOUISIANA,** this 18th day of November, 2021.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[59] Fed. R. Civ. P. 13(g).

[60] Fed. R. Civ. P. 15(a)(2).

[61] Rec. Doc. 27.