# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE SIMON** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1432** |
| **GRAND ISLE SHIPYARD, INC., ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Grand Isle Shipyard, Inc.'s ("GIS") unopposed motion[1] for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). GIS argues that it should be dismissed from the above-captioned matter because the Court recently granted GIS's motions for summary judgment.[2] Plaintiff specifically stated that she had no opposition to those motions.[3] Plaintiff has asserted no other claims against GIS.[4]

Plaintiff asserted claims against GIS pursuant to 46 U.S.C. § 688 ("The Jones Act") and 33 U.S.C. § 901 et seq. ("Longshore and Harbor Workers Compensation Act" or "LHWCA"). This Court granted summary judgment for GIS on both the Jones Act claim[5] and the LHWCA claim.[6]

---

[1] R. Doc. No. 66.
[2] R. Doc. Nos. 59, 65.
[3] R. Doc. No. 56 (stating no opposition to summary judgment as to the Jones Act claim); R. Doc. No. 63 (stating no opposition to summary judgment as to the LHWCA claim).
[4] R. Doc. No. 66-1, at 2.
[5] R. Doc. No. 59.
[6] R. Doc. No. 65.

In pertinent part, Rule 54(b) states that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This rule "is an exception to the general rule that a final judgment is appealable only after the adjudication of the rights and liabilities of all parties to a proceeding." *Akeem v. Dasmen Residential, LLC.*, No. 19-13650, 2021 WL 4806913, at *1 (E.D. La. Oct. 14, 2021) (Ashe, J.). Rule 54(b) judgments are disfavored and should be granted "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal," and not "as a courtesy to counsel." *PYCA Inds., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). In considering such a motion, the district court must "weigh the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Loc. Union v. Continental Sprinkler Co.*, 967 F.3d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

In order to properly enter a Rule 54(b) final judgment, two prerequisites must be met. First, the court must have fully disposed of one or more claims or parties. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting Fed. R. Civ. P. 54(b)). When a court grants summary judgment on all claims against a given party, that party is fully disposed of for purposes of Rule 54(b). *Ruello v. J.P. Morgan Chase Bank, N.A.*, No. 20-895, 2022 WL 219051, at *1 (E.D. La. Jan. 25, 2022) (Vance,

J.) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980)). Second, the court must determine that there is no just reason for delay. *Id.* at 740, n.1. This prerequisite is satisfied "only when there exists some danger of hardship or injustice through delay." *PYCA Inds., Inc.*, 81 F.3d at 1421.

As to the first prerequisite, the Court has made a final judgment as to GIS, since all claims against GIS have been dismissed by summary judgment. As to the second prerequisite, the Court finds there is no just reason for delay. As GIS notes, the policy against piecemeal appeals is "not implicated" here because plaintiff did not oppose GIS's motions for summary judgment.[7] Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** and Grand Isle Shipyard, Inc. is hereby **DISMISSED WITH PREJUDICE** from the above-captioned matter.

New Orleans, Louisiana, August 25, 2022.

                                          **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. No. 66-1, at 3.